# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CANYON COMMUNITY BANK NATIONAL ASSOCIATION,<br><br>        Plaintiff,<br><br>   v.<br><br>NATIONAL TITLE COMPANY,<br><br>        Defendant. | 2:11-CV-950-RCJ-RJJ<br><br>**ORDER** |

Currently before the Court is a Motion to Dismiss (#7). The Court heard oral argument on October 21, 2011.

## BACKGROUND

On June 10, 2011, Plaintiff Canyon Community Bank National Association ("Plaintiff" or "Canyon Bank") filed a complaint in this Court against Defendant National Title Company ("Defendant" or "National Title") asserting diversity jurisdiction. (Compl. (#1) at 1-2). The complaint alleged the following. (*Id.* at 2). On October 18, 2006, Plaintiff, as correspondent for Everbank, took an application for a mortgage loan on a piece of property from Edward Wheeler, who was purchasing the property. (*Id.*). Defendant was the escrow agent for the transaction and Plaintiff was a party to the escrow. (*Id.*). The sale was a part of an ongoing scheme in which Wheeler obtained money from escrow closings by having the seller agree to pay money from the closing proceeds for non-existent home improvements. (*Id.*). With respect to the property at issue, the amount was $120,000.00 to G.I.G. Enterprises, LLC ("G.I.G."), a Panamanian entity. (*Id.*). Wheeler immediately defaulted on his Everbank loan. (*Id.*). Everbank made a yet-to-be-determined loss on the loan and made a claim for

1  reimbursement from Plaintiff for its loss pursuant to a contract between Plaintiff and Everbank.
2  (*Id.*). That claim is presently being litigated in *Everbank v. Wheeler et al.*, case no. 2:09-cv-
3  1080-KJD-RJJ ("Everbank lawsuit"). (*Id.* at 3). Defendant had a contract to provide escrow
4  services during the property transaction. (*Id.*). Plaintiff acted as a correspondent for Everbank
5  during the transaction. (*Id.*).

6       The complaint alleged four causes of action. (*Id.* at 3-6). In the first cause of action,
7  Plaintiff alleged negligence. (*Id.* at 3). Plaintiff asserted that Defendant had provided services
8  below the standard of care of other escrow service providers because, *inter alia*, National Title
9  changed the pre-closing HUD-1 Statement to add the $120,000 disbursement to G.I.G. to the
10 Final HUD-1 Statement without notifying Everbank or Plaintiff of the change and failed to alert
11 Plaintiff and Everbank of the obvious fraudulent nature of the disbursal to G.I.G. (*Id.*).

12      In the second cause of action, Plaintiff alleged breach of contract against Defendant.
13 (*Id.* at 4). The complaint alleged that Defendant and Everbank had entered into a contract–the
14 Master Closing Instructions–prior to the property transaction and that Plaintiff was a third-party
15 beneficiary to that contract. (*Id.* at 4-5; *see* Master Closing (#7) at 41). That contract stated
16 that the Settlement Agent had the duty to provide precise and correct information that could
17 affect Lender's decision to make the loan including changes to financing. (Compl. (#1) at 4).
18 If the Settlement Agent received any such material information, the Settlement Agent was to
19 suspend loan closing and immediately disclose the information to Lender. (*Id.*). The
20 complaint alleged that National Title never contacted Lender Everbank or Plaintiff to the
21 significant changes in escrow and the unusual payout of $120,000 to G.I.G. (*Id.*).

22      In the third claim for relief, Plaintiff sought indemnity from Defendant "for any damages
23 sustained by either Everbank or Canyon Bank, . . . and for any sums paid by way of settlement
24 or, in the alternative judgment entered against Canyon Bank." (*Id.* at 6). Plaintiff sought
25 indemnity from Defendant for damages if Everbank ever recovered against Plaintiff in the
26 Everbank lawsuit. (*Id.*). In the fourth cause of action, Plaintiff alleged it was entitled to
27 contribution from Defendant "if a judgment [was] rendered in favor of Everbank whereby
28 Canyon Bank is responsible in whole or in part for the obligations, if any, owed to Everbank."

2

(*Id.*).

**LEGAL STANDARD**

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1949. "Nor

does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

Defendant files a motion to dismiss the complaint, or in the alternative a motion for summary judgment. (Mot. to Dismiss (#7) at 1). Defendant argues that Plaintiff's negligence claim should be dismissed because it is barred by the three-year statute of limitations period. (*Id.* at 6). Defendant argues that Plaintiff's loss would have occurred on or before October 30, 2006, when the real property transaction closed. (*Id.* at 7). Defendant asserts that Plaintiff is not a third-party beneficiary to the contract between itself and Everbank and that, even if Plaintiff was, the breach of contract claim is barred by the four-year statute of limitations period. (*Id.* at 8, 10). Defendant argues that the Court should dismiss the equitable indemnity claim because Plaintiff was not free from active wrongdoing regarding the alleged injury to Everbank. (*Id.* at 11). Defendant contends that Plaintiff engaged in wrongdoing because, in the Everbank lawsuit, the court found that Plaintiff had breached its contract with Everbank. (*Id.* at 12). Defendant argues that the Court should dismiss the contribution claim under Nevada law because Plaintiff has not made any payments to Everbank in the Everbank lawsuit. (*Id.* at 13). Additionally, Defendant argues that the Court should dismiss the claims for indemnity and contribution based on the doctrine of unclean hands. (*Id.* at 14). Specifically, Defendant asserts that Plaintiff has unclean hands because it failed to comply with Everbank's demand for indemnity and breached the terms of the agreement between

4

those two parties.  (*Id.* at 15).

In response, Plaintiff argues that its negligence claim is not barred by the statute of limitations because the statute of limitations did not begin to run until Plaintiff had been injured on March 30, 2011, when Judge Dawson found that Plaintiff was liable to Everbank for breach of contract.  (Opp'n to Mot. to Dismiss (#9) at 7-8).  Plaintiff argues that the statute of limitations for its negligence claim is four years.  (*Id.* at 7).  Plaintiff argues that it was the third-party beneficiary to the contract between Defendant and Everbank and its breach of contract claim is not barred by the statute of limitations because it was injured on March 30, 2011.  (*Id.* at 8, 11).  Plaintiff asserts that it is not making a claim for contribution under the Nevada Revised Statutes, but is instead making a common law contribution claim.  (*Id.* at 12).  Plaintiff asserts that a contractual dispute is not egregious conduct to warrant the application of the unclean hands doctrine.  (*Id.* at 12-13).

In reply, Defendant asserts that, at the latest, the statute of limitations began to run on January 31, 2008, when Everbank made its demand for indemnity to Plaintiff.  (Reply to Mot. to Dismiss (#15) at 5).  Defendants contend that, under that date, the negligence claim is still barred by the statute of limitations.  (*Id.* at 6).

**I.    Negligence**

In Nevada, the "general rule concerning statutes of limitation is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." *Peterson v. Bruen*, 792 P.2d 18, 20 (Nev. 1990).  "An exception to the general rule has been recognized by this court and many others in the form of the so-called 'discovery rule.'" *Id.* "Under the discovery rule, the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action." *Id.*

The Court finds that Plaintiff sustained injuries for which relief could be sought on March 30, 2011, when Judge Dawson found that Plaintiff was liable to Everbank for breach of contract.  As such, the Court finds that Plaintiff timely brought its lawsuit on June 10, 2011, and denies the motion to dismiss the first cause of action.

## II. Breach of Contract

In Nevada, in order to enjoy the status of a third-party beneficiary, "there must clearly appear a promissory intent to benefit the third party . . . and ultimately it must be shown that the third party's reliance thereon is foreseeable." *Elizabeth E. v. ADT Sec. Sys. West Inc.*, 839 P.2d 1308, 1311 (Nev. 1992). "Before a stranger can avail himself of the exceptional privilege of suing for a breach of an agreement, to which he is not a party, he must, at least, show that it was intended for his direct benefit." *Olson v. Iacometti*, 533 P.2d 1360, 1364 (Nev. 1975).

The Court finds that Plaintiff is a third-party beneficiary to the Master Closing Instructions because Plaintiff was the designated lender in most of the loan documents signed by the borrower until Everbank took over the loan. As such, the Court denies the motion to dismiss the second cause of action.

## III. Indemnity

"Noncontractual or implied indemnity is an equitable remedy that allows a defendant to seek recovery from other potential tortfeasors whose negligence primarily caused the injured party's harm." *Rodriguez v. Primadonna Co., LLC*, 216 P.3d 793, 801 (Nev. 2009). The "remedy is available after the defendant has extinguished its own liability through settlement or by paying a judgment." *Id.* A cause of action for indemnity accrues when payment has been made. *Id.* "A claimant seeking equitable indemnity must plead and prove that: (1) it has discharged a legal obligation owed to a third party; (2) the party from whom it seeks liability also was liable to the third party; and (3) as between the claimant and the party from whom it seeks indemnity, the obligation ought to be discharged by the latter." *Id.*

The Court interprets Plaintiff's indemnity claim as one for declaratory relief that it is entitled to seek indemnity from Defendant when it pays Everbank for any settlement or judgment. (*See* Compl. (#1) at 6). The Court finds that this is an appropriate claim and denies the motion to dismiss the third cause of action.

## IV. Contribution

In Nevada, contribution is a creature of statute. *The Doctors Co. v. Vincent*, 98 P.3d 681, 686 (Nev. 2004). "The right of contribution exists only in favor of a tortfeasor who has

6

paid more than his or her equitable share of the common liability, and the tortfeasor's total recovery is limited to the amount paid by the tortfeasor in excess of his or her equitable share." Nev. Rev. Stat. § 17.225(2).  If there is no judgment for injury against the tortfeasor seeking contribution, the tortfeasor's right of contribution is barred unless the tortfeasor has:

> (a) Discharged by payment the common liability within the statute of limitations period applicable to claimant's right of action against him or her and has commenced an action for contribution within 1 year after payment; or
>
> (b) Agreed while action is pending against him or her to discharge the common liability and has within 1 year after the agreement paid the liability and commenced an action for contribution.

Nev. Rev. Stat. § 17.285(4)(a)-(b).

The Court interprets Plaintiff's contribution claim as one for declaratory relief that it is entitled to seek contribution from Defendant if there is a judgment rendered in favor of Everbank and Plaintiff is responsible in whole or in part for the obligations, if any, to Everbank. (*See* Compl. (#1) at 7).  The Court finds that this claim is appropriate and denies the motion to dismiss the fourth cause of action.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion to Dismiss (#7) is DENIED.

DATED: This 10th day of January, 2012.

_____
United States District Judge